IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| CHONG SU YI, | : |
| PLAINTIFF, | |
| v. | : CIVIL ACTION NO. RWT-11-954 |
| JESSE WHITE, et al., | : |
| DEFENDANTS. | |

**MEMORANDUM OPINION**

Plaintiff, a resident of Silver Spring, Maryland, filed this *pro se* civil rights action on April 13, 2011. ECF No. 1. Plaintiff's complaint is not a picture of clarity, but Plaintiff appears to allege that the Maryland Department of Motor Vehicles and the Secretary of the State of Illinois violated his civil rights by terminating his Illinois driving privileges in 1999 and refusing to issue him a Maryland driver's license when he thereafter relocated from Illinois to Maryland. ECF No. 1. Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF No. 2. However, upon review of the complaint and attachments, the Court concludes that the complaint must be dismissed under the provisions of 28 U.S.C. § 1915(e). See generally Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995).

Plaintiff's claim must be dismissed because it was filed outside the applicable limitations period. Because 42 U.S.C. § 1983 contains no express statute of limitations, federal courts must apply the most appropriate state statute of limitations to a claim filed under this statute. See Wilson v. Garcia, 471 U.S. 261, 275 (1985); Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. See Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although state law governs the limitations period, the time of accrual of a civil rights action is a question of federal law. Cox v. Stanton, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. Id. In this case, Plaintiff knew or should have known of his injury in 1999, when his license was suspended. Because Plaintiff filed the instant complaint more than eleven years after he knew or should have known of his injury, the statute of limitations bars consideration of his claim.

For the foregoing reasons, a separate Order shall be entered dismissing the instant complaint.

Date: June 15, 2011                                     /s/
                                          ROGER W. TITUS
                                     UNITED STATES DISTRICT JUDGE